**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DELIA I. HOSMER,**

        **Plaintiff,**

        **v.**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

        **Defendant.**

        **Case No. 2:13-cv-00879
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King**

**OPINION & ORDER**

This matter is before the Court for consideration of the Magistrate Judge's July 3, 2014 Report and Recommendation ("R&R"). (ECF No. 19.) In that filing, the Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and that this action be dismissed.

Plaintiff timely objected to the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Accordingly, the Court must now complete a do novo review of any part of the magistrate judge's recommended disposition to which Plaintiff properly objected. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

**I.    ANALYSIS**

**A. General Objections**

The Court notes that, in objecting to a magistrate judge's recommendation, a party must make "specific written objections" to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(3). A general objection to the entirety of a magistrate's report does not aid judicial

efficiency and therefore does not advance the "purposes for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Here, Plaintiff begins her brief by "object[ing] in general to the findings in the Magistrate's Report and Recommendations." (ECF No. 20, at 2.) Such a general objection "has the same effects as would a failure to object." *Howard*, 932 F.2d at 509. The Court therefore will not consider that objection.

Plaintiff then purports to advance specific objections to the R&R; however, in doing so, she merely advances the same arguments she made to the Magistrate Judge in her statement of specific errors and adds that the Magistrate Judge failed to adequately consider each one. That course of action does little to advance the purposes of judicial economy discussed in *Howard*. Nevertheless, the Court now considers those objections.

## B. Specific Objections

In considering Plaintiff's objections, the Court is mindful of the proper standard of review in social security cases pursuant to 42 U.S.C. § 405(g). The Magistrate Judge properly set forth that standard in the R&R:

> [J]udicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case de novo, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).
>
> In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed

2

even if this Court would decide the matter differently, see *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

(ECF No. 19, at 12–13.)

In the R&R, the Magistrate Judge considered the same four arguments Plaintiff now raises in her objections.  Those arguments are:

> The administrative law judge's [("ALJ")] contention that plaintiff's impairments were present in the same intensity while she was working, thus implying that her symptoms are not actually "work preclusive," is without support in the record. Statement of Errors, at PAGEID 658;
>
> The administrative law judge improperly failed to consider additional reports made by plaintiff as to her activities of daily living. *Id.* at PAGEID 659, 665-66; The administrative law judge's finding that plaintiff's treatment has been conservative and that medication has been effective in controlling plaintiff's symptoms is not supported by the record. *Id.* at PAGEID 661;
>
> The opinions of Drs. Able and Ellison and of Ms. Phillips should have been granted greater weight and, as so evaluated, would have supported a more restrictive RFC. *Id.* at PAGEID 662-65, 674-79;
>
> The administrative law judge erred in evaluating the opinions regarding plaintiff's mental impairments. Specifically, the administrative law judge erred by giving little or no weight to the opinions of plaintiff's counselor, Ms. Wolfe, and of Dr. Crum and by rejecting the work-preclusive portion of Dr. Deardorff's report. *Id.* at PAGEID 670-74.

(*Id*. at 13.)  Plaintiff argued that, although "none of these errors individually would support a finding that the ALJ failed to rely on substantial evidence, . . . the sum of the errors committed should lead to that conclusion."  (ECF No. 12, at 17.)

The Magistrate Judge rejected Plaintiff's arguments and found that substantial evidence supported the ALJ's findings.  The Magistrate Judge concluded that the ALJ did not err in concluding that Plaintiff is not disabled within the meaning of the Social Security Act.

3

Plaintiff first objects to the Magistrate Judge's reasoning in the R&R regarding Plaintiff's work history.  To put this objection in context, the Court notes that, in his residual functional capacity assessment, the ALJ found that Plaintiff's symptoms were not work preclusive.  The basis for that finding was, *inter alia*, that the impairments Plaintiff now claims were present when she was working, that Plaintiff lost her job due to her failure to call off from work and not because of a medical impairment, and that, after a previous application for benefits was denied, Plaintiff was able to return to work.  The Magistrate Judge found substantial support in the record for these findings.

The Court agrees with the Magistrate Judge.  Plaintiff's own testimony at the oral hearing suggests that she suffered from various impairments in the years preceding the onset of her alleged disability, yet she was able to work during those years.  Plaintiff testified that her symptoms worsened over time; however, the ALJ determined that such testimony lacked credibility, and it is not this Court's role to reassess questions of credibility.  *Brainard*, 889 F.2d at 681.  Moreover, even if Plaintiff is correct and the record suggests a worsening of her condition, the question before the Court is not whether substantial evidence supports that conclusion, but only whether substantial evidence supports the ALJ's finding.  *See Longworth*, 402 F.3d at 595.  Plaintiff does not persuasively argue that the record is deficient in this respect.

Plaintiff's remaining arguments regarding her first objection are without merit.  Plaintiff argues that her previous denial of benefits is irrelevant and should not have been considered, but the fact that she previously applied for benefits, was denied, and then continued to work is directly relevant to her credibility.  Plaintiff's argument that her medical impairments caused her termination from work because she was hospitalized at the time she was fired similarly fails: she

argues only that the hospitalization prevented her from showing up to work, and not that the hospitalization prevented her from committing the offense for which she was fired (i.e., calling off from work). In other words, although the hospitalization is indirectly relevant to her termination, there is no evidence that it was the direct cause. To the contrary, Plaintiff's testimony suggests that she could have called off from work, recovered from the hospitalization, and returned without incident. The Court therefore overrules Plaintiff's first objection to the R&R.

Plaintiff's second objection is that the Magistrate Judge erred by not addressing Plaintiff's arguments regarding her daily living. Specifically, Plaintiff claims that the ALJ failed to consider the weight of the evidence as a whole—i.e., the things Plaintiff is not able to do—in concluding that Plaintiff was able perform daily tasks. But each of the ALJ's findings with respect to Plaintiff's daily activities is substantially supported by Plaintiff's own testimony. The ALJ considered those findings relevant to Plaintiff's credibility with respect to the severity of her condition. The fact that Plaintiff also testified about her limitations does not refute the ALJ's conclusion.

Plaintiff next objects to the R&R on the ground that the Magistrate Judge erred in concluding that substantial evidence supports the ALJ's finding that Plaintiff's treatment was conservative and that medication was controlling her condition. Plaintiff again focuses on the wrong issue by arguing only that substantial evidence supports the opposite conclusion (that her treatment was not conservative and that medication was not effective). *See Longworth*, 402 F.3d at 595. The question for this Court is whether substantial evidence supports the ALJ's conclusion that Plaintiff's treatment was conservative and that medication was proving effective.

The Magistrate Judge properly focused on that question and cited Plaintiff's own testimony that medication was effective and helpful in controlling her symptoms, while noting that most of Plaintiff's treatment had been provided by a nurse practitioner and a counselor.  The Court agrees and finds no error by the Magistrate Judge in this regard.

For her last objection, Plaintiff asserts that the Magistrate Judge failed to fully review the opinion evidence of record and did not specifically address "the great deal of argument undertaken by Plaintiff" in her statement of errors on this point.  (ECF No. 20, at 4.)  This objection, however, can be characterized as a general objection to the Magistrate Judge's conclusions, which "has the same effects as would a failure to object."  *Howard*, 932 F.2d at 509.  Moreover, the Court finds that the Magistrate Judge did consider Plaintiff's arguments regarding the opinion evidence of record and properly concluded that substantial evidence supported each of the ALJ's findings on this point.  Plaintiff's objection to the R&R does not point to any specific deficiencies in the record that would warrant a reversal of the ALJ's conclusions regarding the opinion evidence.

## II.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's objections are without merit and that substantial evidence supports the ALJ's conclusions in reaching his adjudication and review of Plaintiff's case.  The Court therefore **ADOPTS** the R&R (ECF No. 7), **OVERRULES** Plaintiff's statement of specific errors (ECF No. 12), **AFFIRMS** the decision of the Commissioner of Social Security and **DISMISSES** Plaintiff's Complaint.  The Clerk is **DIRECTED** to terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

6

**IT IS SO ORDERED**.

<u>**/s/ Gregory L. Frost**</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**